

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2005

# USA v. DeMuro

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4657

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. DeMuro" (2005). *2005 Decisions.* Paper 709.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/709

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-4657

UNITED STATES OF AMERICA

v.

FELIX DEMURO, JR.,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
Crim. No.: 97-310-4
District Judge: The Honorable J. Curtis Joyner

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 19, 2004

Before: ROTH and SMITH, *Circuit Judges*,
and DEBEVIOSE,[*] *District Judge*

(Filed: August 11, 2005)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

On November 25, 2003, Appellant Felix DeMuro stipulated to violating the terms

of his supervised release by committing several state criminal offenses and by submitting

[*]The Honorable Dickinson R. Debevoise, Senior District Judge for the District of New
Jersey, sitting by designation.

two urine samples which were positive for the presence of marijuana. In light of the stipulated violation, the United States District Court for the Eastern District of Pennsylvania imposed an additional term of twenty four months' incarceration. DeMuro filed a timely appeal.[1]

DeMuro's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that no non-frivolous issues exist for appeal. *Anders* recognized that the "constitutional requirement of substantial equality and fair process" necessitates that appellate counsel make a conscientious examination for "anything in the record that might arguably support the appeal." *Id.* at 744. Thus, in *United States v. Youla*, 241 F.3d 296 (3d Cir. 2001), we declared that the "duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id.* at 300.

Counsel has satisfied these requirements. Because DeMuro stipulated to the fact that he violated the terms of his supervised release, counsel asserts that the only possible issue for appeal is the term of imprisonment imposed by the District Court. Such a contention, counsel points out, is frivolous because the length of the sentence is discretionary, and we have previously established in *United States v. Schwegel*, 126 F.3d 551 (3d Cir. 1997), that the sentencing ranges set out in U.S.S.G. § 7B1.4 are only advisory. We agree with counsel's assessment.

---

[1]The District Court exercised jurisdiction under 18 U.S.C. § 3231. Appellate jurisdiction exists under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We are mindful of the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), which declared that the sentencing guidelines are advisory only. *Id.* at 757. *Booker* does not affect this appeal inasmuch as DeMuro's sentence did not result from the application of a mandatory sentencing scheme.[2] *Schwegel*, 126 F.3d at 552.

Accordingly, we will grant counsel's motion to withdraw, and we will affirm the judgment of the District Court. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).

---

[2]We note that DeMuro was notified by his counsel of the opportunity to file a *pro se* brief with this Court, but that DeMuro declined to do so. *Anders*, 386 U.S. at 744, 3rd Cir. L.A.R. 109.2(a).